<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **MARIELIZ MONCLOVA**,<br><br>*Plaintiff*,<br><br>v.<br><br>**U.S. BANK NATIONAL ASSOCIATION, et al.**,<br><br>*Defendants*. | Civil Action No. 15-7383 (MCA)<br><br>OPINION |

**ARLEO, UNITED STATES DISTRICT JUDGE**

This matter comes before the Court by way of Defendant Residential Home Funding Corporation's ("RHF") motion to dismiss pursuant, Dkt. No. 14, and Defendant U.S. Bank National Association, as Trustee, on behalf of the Holders of CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-1 ("U.S. Bank") motion to dismiss and to join RHF's motion to dismiss, Dkt. No. 18. <u>Pro se</u> Plaintiff Marieliz Monclova ("Plaintiff" or "Monclova") opposes the motions. Dkt. No. 20. The Court has decided the motions on the papers pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Defendants' motions are **GRANTED**.

**I.  BACKGROUND**

Plaintiff's 164-paragraph Complaint contains various conclusory allegations, isolated citations to case law and statutes, and is overall difficult to follow. On September 19, 2006, Plaintiff entered into a Mortgage and Note with RHF, the original lender, for property located at 138 Third Avenue, Newark, New Jersey 07104 (the "Property"). Compl. ¶ 17, Dkt. No. 1; <u>see also</u> <u>id.</u> Ex. A, Mortgage; <u>id.</u> Ex. B, Note. RHF sold and transferred the Mortgage to CSMC

1

Mortgage-Backed Trust 2007 ("CSMC"). Id. Ex. D. U.S. Bank serves as Trustee for CSMC. Id. At some point, the Property was foreclosed upon and on February 3, 2015, U.S. Bank purchased the Property at a Sheriff's sale. Id. Ex. C, Notice of Foreclosure Sale/Auction. Plaintiff filed this Complaint on October 9, 2015. Compl. It appears that a majority of this action challenges the validity of the underlying foreclosure proceeding in the state court. Plaintiff seeks to set aside the foreclosure sale and enjoin Defendants from evicting her. Id. ¶¶ 1, 28, 35, 43; see, e.g., id. ¶¶ 25, 33, 34, Ex. C (challenging Defendant's standing to foreclose); id. ¶ 28 (claiming wrongful foreclosure based on dispute of title and ownership of property). Plaintiff asserts four causes of action: (1) "Truth and Lending Act Disclosure Non-Compliance, Unauthorized Use, Failure to Comply with Notice Requirements," id. ¶¶ 45-71; (2) "Accounting—Failure to Perfect Security Interest Per U.C.C," id. ¶¶ 72-105; (3) "Actual/Constructive Fraud/Attempted Fraud, Trespass on the Case," id. ¶¶ 106-143; and (4) "Injunctive Relief," id. ¶¶ 144-164. Plaintiff makes a demand for the following relief: (1) void the foreclosure sale; (2) stay/void any foreclosure auction sale; (3) stay/void any warrant to evict; (4) permanently enjoin Defendants from foreclosing and evicting Plaintiff; (5) find lack of standing to foreclose; (6) vacate the non-judicial foreclosure default and order against Plaintiff; (7) punitive damages in the amount of $329,600 for fraud/attempted fraud by concealment; and (8) costs of suit incurred by Plaintiff. Id.

## II.   LEGAL STANDARD

In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. The facts alleged, however, must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

For allegations sounding in fraud, Rule 9(b) imposes a heightened pleading standard: namely, "a party must state with particularity the circumstances constituting fraud or mistake," but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The circumstances of the fraud must be stated with sufficient particularity to put a defendant on notice of the "precise misconduct with which [it is] charged." Lum v. Bank of Am., 361 F.3d 217, 224 (3d Cir. 2004). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

Because Plaintiff is proceeding pro se, the Court construes the pleadings liberally and holds him to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "Court need not . . . credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" D'Agostino v. CECOM RDEC, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010). The Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." Baraka v. McGreevey, 481 F.3d 187, 211 (3d Cir. 2007). Legal conclusions couched as factual allegations and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice" to prevent a motion to dismiss. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 555)).

### III. ANALYSIS

RHF and U.S. Bank move to dismiss the entire Complaint on the grounds that Plaintiff has failed to state a claim. U.S. Bank also argued, inter alia, that the Court lacks subject matter jurisdiction based on various preclusionary doctrines, including the Rooker-Feldman doctrine, res judicata, collateral estoppel, and the Entire Controversy Doctrine. Dkt. No. 22. The Court agrees.

#### A. Rooker-Feldman Doctrine

The Court lacks subject matter jurisdiction over this case based on the Rooker-Feldman doctrine. The Rooker-Feldman doctrine precludes lower federal courts "from exercising appellate jurisdiction over final state-court judgments" because such appellate jurisdiction rests solely with the United States Supreme Court. In re Madera, 586 F.3d 228, 232 (3d Cir. 2009) (citing Lance v. Dennis, 546 U.S. 459, 463 (2006)). Relevant here, a claim is barred by Rooker-Feldman "if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." Id. (internal citation omitted). A federal claim is "inextricably intertwined" with an issue adjudicated by a state court when (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment. Id. (internal citations omitted).

Here, Plaintiff's claims are inextricably intertwined with the foreclosure proceeding in state court. Plaintiff's claims would require the Court to take action that would negate the state court's judgment. For example, Plaintiff asserts that Defendants lacked standing to foreclose, and that they did not have a valid interest in the property. In her TILA claim, Plaintiff alleges that Defendants' failure to make certain disclosures renders the Mortgage "null and void." Compl. ¶ 50. Plaintiff also seeks to set aside the foreclosure sale and permanently enjoin Defendant from foreclosing. Time and again, the Third Circuit has held that the Rooker-Feldman doctrine bars

4

federal courts from providing relief, as here, that would invalidate a state court foreclosure decision. See, e.g., Moncrief v. Chase Manhattan Mortg. Corp., 275 F. App'x 149, 152 (3d Cir. 2008); Ayres–Fountain v. E. Sav. Bank, 153 F. App'x 91, 92 (3d Cir. 2005); Gibbs v. Gov't Nat'l Mortg. Assoc., No. 15-2601, Dkt. No. 37 (D.N.J. Jan. 14, 2016); In re Madera, 586 F.3d at 232 (holding that Rooker–Feldman barred mortgagors' TILA claims for rescission of mortgage, given that favorable judgment on rescission claims would necessarily negate state-court foreclosure judgment). Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims.

### B. Failure to State a Claim

To the extent any of these claims would not be barred by Rooker-Feldman, they still fail to state a claim upon which relief can be granted.

Count One is entitled "Truth in Lending Act Disclosure Non-Compliance," "Unauthorized Use," and "Failure to Comply with Notice Requirements." Id. ¶¶ 45-71. Plaintiff claims that Defendants failed to disclose facts and terms in the Mortgage and Note, used false and misleading information, failed to inform her of the meaning of words, transfers of interests, and payment of fees, in violation of 12 C.F.R. 226.17(c)(1). Id. ¶¶ 48-50. Next, Plaintiff alleges Defendants fraudulently concealed and failed to give proper notice of the true terms and conditions of the loan. Id. ¶ 55. She also claims that Defendants failed to give her proper notice where the note was recorded. Id. ¶ 56. She also alleges that the foreclosed amount is invalid. Id. ¶ 60.

Plaintiff's TILA allegations are vague, wholly conclusory, and thus insufficient to state a claim. It is unclear what facts or terms were not disclosed in the Mortgage and Note, and why such nondisclosure was improper. Plaintiff also asserts general allegations of fraud against Defendants that fail to comply with Rule 9(b). Finally, there are no allegations, other than conclusory statements, stating or suggesting that Plaintiff relied to her detriment on the alleged

TILA violations. See Vallies v. Sky Bank, 591 F.3d 152, 157 (3d Cir. 2009)("In the context of TILA disclosure violations, a creditor's failure to properly disclose must cause actual damages; that is, without detrimental reliance on faulty disclosures (or no disclosure), there is no loss (or actual damage)."). Count One, therefore, fails to state a claim.

Count Two is for "Accounting—Failure to Perfect Security Interest Per U.C.C." Compl. ¶¶ 72-105. It is unclear from this count exactly what Plaintiff is claiming. Plaintiff has not cited any statute or case law—and the Court cannot find any—that creates "Accounting" as an independent cause of action.[1]

Count Three is for "Actual/Constructive Fraud/Attempted Fraud, Trespass on the Case." Compl. ¶¶ 106-143. Plaintiff claims that Defendants made false statements by knowingly using false or misleading information and by concealing the true nature of the transaction and its connections to a securitization process. Id. ¶¶ 111-131. This count, like the others, is difficult to comprehend, and appears to assert general allegations of fraud. The allegations of fraud are not pled with particularity and therefore fail to comply with Rule 9(b).

These allegations also fail to state a claim. The fraud claims are all tort claims based solely on the contractual relationship created by the Mortgage and Note. The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract." Duquesne Light Co. v. Westinghouse Elec. Co., 66 F.3d 604, 618 (3d Cir. 1995); see also Perkins v. Washington Mut., FSB, 655 F. Supp. 2d 463, 471 (D.N.J. 2009) (negligence claim barred); Bracco Diagnostics, Inc. v Bergen Brunswig Drug Co., 226 F. Supp. 2d 557, 565 (D.N.J. 2002) (fraud claim barred). This Count is therefore defective as a matter of law under the

---

[1] To the extent Plaintiff is claiming that the Note was not properly transferred, or that Defendants did not have a valid interest in the loan to foreclose, the claims are barred by Rooker-Feldman, as discussed supra.

economic loss doctrine.

Count Four is for "Injunctive Relief." Compl. ¶¶ 144-164. In this Count, Plaintiff seeks injunctive relief against Defendants and an Order setting aside the foreclosure sale, and enjoining Defendants from foreclosing on and evicting Plaintiff. Id. ¶ 149. Injunctive relief is not a cause of action, but only a remedy. See Educ. Impact, Inc. v. Danielson, No. 14-937, 2015 U.S. Dist. LEXIS 9467, at *3 (D.N.J. Jan. 28, 2015); Smajlaj v. Campbell Soup Co., 782 F. Supp. 2d 84, 91 (D.N.J. 2011). Accordingly, this claim fails.

### IV. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss, Dkt. Nos. 14, 18, are **GRANTED**. Given that the Court doesn't have subject matter jurisdiction over any of Plaintiff's claim, it would be futile to allow her to re-plead. The Complaint is therefore **DISMISSED with prejudice.** This case is hereby closed. An appropriate order accompanies this opinion.

Date: August 11, 2016       */s Madeline Cox Arleo*_____
                            **MADELINE COX ARLEO**
                            **UNITED STATES DISTRICT JUDGE**